IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DANIEL SISK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § | |
| *Plaintiff,* | § | PE:21-CV-00087-DC-DF |
| | § | |
| v. | § | |
| | § | |
| BWS INSPECTION SERVICES, LLC | § | |
| *Defendant*. | § | |
| | § | |

**ORDER**

BEFORE THE COURT is Plaintiff Daniel Sisk's ("Plaintiff") Motion for Protective Order and Emergency Hearing (hereafter, "Motion for Protective Order") (Doc. 11). This case is before the undersigned U.S. Magistrate Judge through a standing order of referral from the District Judge pursuant to 28 U.S.C. § 636 and Appendix C of the Local Rules for the Assignment of Duties to U.S. Magistrate Judges. After due consideration, Plaintiff's Motion for Protective Order is **DENIED WITHOUT PREJUDICE TO REFILING**. (Doc. 11). Furthermore, Counsel for the Parties are **ORDERED** to meet face-to-face to fully confer on each of the items in dispute as follows:

**I. FACE-TO-FACE CONFERENCE**

Local Rule CV-7(g) of the Civil Local Rules for the Western District of Texas requires that parties "confer[] in a good-faith attempt to resolve the matter by agreement" prior to filing a non-dispositive motion such as the Motion for Protective Order. W.D. Tex. Loc. R. CV-7(g). It is well-known that "'good faith' requires a genuine attempt to resolve the dispute." *Wareka v. Square*, No. 1:21-CV-00382-LY-SH, 2022 U.S. Dist. LEXIS 15598, at *8, 2022 WL 272118, at *3 (W.D. Tex. Jan. 28, 2022).

Here, Plaintiff alleges that Defendant's president is improperly communicating with potential plaintiffs in the case. (*See* Doc. 11 at 2–3). The Motion for Protective Order includes a Certificate of

Conference which states that Parties' counsel "have conferred but have not been able to reach a resolution." (Doc. 11 at 9). The Court finds this statement insufficient to demonstrate a good-faith effort to reach a solution. The Motion for Protective Order does not indicate that Counsel for Defendant has attempted to contact Defendant's president or otherwise engaged in good faith efforts to resolve the issue. After reviewing the motion and the concerns proposed within it, the Court finds that the Parties should more fully confer on the issues in dispute pursuant to Local Rule CV-7(g). *See LCP RCP LLC v. Ally Bank*, No. 3:19-CV-0396-M, 2021 U.S. Dist. LEXIS 222969, 2021 WL 5285068 (N.D. Tex. Mar. 4, 2021) (requiring a face-to-face conference before adjudicating the merits of the pending emergency motion).

Court involvement, without affirmative statements of exhausted good-faith efforts, is not necessary at this time. The Parties should seek to resolve their disputes prior to requesting Court intervention, and such intervention should be reserved for gaps in compromise that cannot be abridged or resolved by conferral. Even when such a situation does present itself, the Parties each must make an earnest attempt to comply with Local Rule CV-7(g) to ensure that only the most divisive of issues are submitted to the Court for review. *McCallum v. Camping World*, No. SA-19-cv-01021-OLG, 2019 U.S. Dist. LEXIS 232118, at *2 n.1, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (discussing the "good faith" requirement"). Defendant furthermore filed a Motion to Extend Deadline to File Response to Plaintiff's Motion for Protective Order (hereafter, "Motion to Extend"), claiming that negotiations are ongoing between Counsel for the Parties. (Doc. 14). The Motion to Extend makes it clear that the Parties are capable of diplomacy, and that this issue at this juncture is not one demanding express judicial overwatch. *Id.* at 1–2.

## II. REQUIREMENTS FOR THE CONFERENCE

Both Parties are required to confer face-to-face to discuss the issues alleged by Plaintiff in the Motion for Protective Order. A telephonic conference will not satisfy this requirement.

The face-to-face conference must be conducted by **5:00 P.M. CT on March 4, 2022**.

### III. POST-MEETING INSTRUCTION

The Parties are required to file a status report with the Court no later than **5:00 P.M. CT on March 18, 2022.** This report should detail the progress of discussions during the conference, and explain which issues from the Motion for Protective Order were resolved, and which (if any) remain.

### IV. HEARING

No hearing shall be scheduled on the Motion for Protective Order at this time.

It is so **ORDERED**.

SIGNED this 18th day of February, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE