IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| DANIEL SISK, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § | |
| *Plaintiff*, | § | PE:21-CV-00087-DC-DF |
| | § | |
| v. | § | |
| | § | |
| BWS INSPECTION SERVICES, LLC | § | |
| *Defendant*. | § | |

## ORDER

BEFORE THE COURT is Defendant BWS Inspection Services, LLC's ("Defendant") Motion to Transfer Venue Pursuant to 29 U.S.C. 1404(a) for Forum Non Conveniens (hereafter, "Motion to Transfer"). (Doc. 21). This matter is before the undersigned Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, Defendant's Motion to Transfer shall be **DENIED**. (Doc. 21).

## I.    BACKGROUND

Plaintiff filed the instant lawsuit on December 8, 2021. (Doc. 1). In his Original Collective Complaint (hereafter, "Complaint"), Plaintiff asserts a cause of action for Defendant's alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (*Id.* at 1). Plaintiff alleges he performed work for Defendant in Winkler County, Texas, as a welding inspector from October 2019 until January 2021. (*Id.* at 2). Plaintiff brings this collective action on "behalf of himself and all other similarly situated workers who were paid by [Defendant's] day-rate system." (Doc. 1 at 2). Plaintiff claims Defendant paid each of these workers only "a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in violation of the FLSA." (*Id.*). It is undisputed that Defendant is a Texas corporation and employed Plaintiff during the relevant time periods. (Doc. 8).

1

On March 17, 2022, Defendant filed its Motion to Transfer. (Doc. 21). Defendant exclaims[1] that a "valid and enforceable forum-selection clause between the parties" warrants the transfer of this lawsuit pursuant to state district court in Limestone County, Texas, pursuant to 28 U.S.C. § 1404(a). (*Id.* at 1). Plaintiff filed his Response on April 14, 2022, followed by Defendant's Reply on April 21, 2022. (Docs. 26, 27). The Motion to Transfer being fully briefed, it is ripe for disposition.

## II.   LEGAL STANDARD

A forum selection clause ("FSC") may be enforced through a motion to transfer under 28 U.S.C. § 1404(a), which provides that, "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998) (quoting *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987)). But this discretion is limited by the text of § 1404(a) and by the precedents of the Supreme Court [of the United States] and [the United States Court of Appeals for the Fifth Circuit] that interpret and apply the text of § 1404(a)." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008) [hereinafter *In re Volkswagen II*]. In the typical § 1404(a) analysis, district courts consider (1) whether the proposed transfer venue is a forum in which the suit could originally have been brought, (2) party and witness convenience, and (3) the interests of justice. *Broussard v. State Farm Fire and Cas. Co.*, 523 F.3d 618 (5th Cir. 2008). Further, the Fifth Circuit has adopted the private and public interest factors first enumerated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947), as appropriate for determining whether a § 1404(a) venue transfer is indeed for the convenience of parties and witnesses and in the interests of justice. *See Humble Oil & Refining Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The purpose of § 1404(a) is to "prevent the waste 'of time, energy, and

---

1. Defendant makes a tangential point about how there was some agreement between itself and Plaintiff to not "pursue a class or collective action against the other," thereby "preclud[ing] [Plaintiff] from proceeding on behalf of others similarly situated." (Doc. 21 at 2 n.1). Defendant provides no substantive legal analysis or any detail as to this agreement, the existence of which Plaintiff disputes. (Doc. 26 at 12 n.3). With no analysis or discussion by Defendant, the Court will not address the existence of an agreement mandating this action be filed only as an individual lawsuit.

money' and to 'protect litigants, witnesses, and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Cont'l Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26–27 (1960)).

However, "[t]he existence of a mandatory, enforceable FSC dramatically alters this analysis." *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 767 (5th Cir. 2016). The legal framework for enforcing FSCs is outlined in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). *Id.* Under *Atlantic Marine*, "the plaintiff's choice of forum 'merits no weight'; instead[, plaintiff] has the burden of establishing that § 1404(a) transfer or [*forum non conveniens*] dismissal is unwarranted." *Id.* (internal citation omitted). Moreover, district courts should not consider the private interest factors. *Id.* This is primarily because the parties contracted for a specific forum; thus, "they 'waive the right to challenge their preselected forum as inconvenient.'" *Id.* (citation omitted). Courts should therefore consider only the public interest factors, which are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) [hereinafter *In re Volkswagen I*] (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).

Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 64. Instead, the court in the contractually selected venue should apply its own law. *Id.* at 65.

## III.   ANALYSIS

Defendant argues that a transfer to Texas state district court in Limestone County, Texas, is proper due to a valid and enforceable FSC between the parties. (Doc. 21 at 1). Alternatively, Defendant

claims the "traditional analysis for motions of transfer under § 1404(a) demonstrates why Limestone County is more suitable for this dispute." (*Id.*). In response, Plaintiff argues the Motion to Transfer "must be denied because a federal court cannot transfer a case to state court pursuant to 28 U.S.C. § 1404(a)." (Doc. 26 at 1) (quotation marks and alteration omitted). Moreover, Plaintiff insists, Defendant's "attempt to fix venue by private contract" is prohibited by Texas state law, and even if it were not, the FSC is permissive and not mandatory, for which Defendant has not met its burden. (*Id.*).

In any event, Plaintiff, as the party defying the FSC, "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Bruckner Truck Sales v. Hoist Liftruck Mfg.*, 501 F. Supp. 3d 409, 418–19 (N.D. Tex. 2020) (citing *Atl. Marine*, 571 U.S. at 63) (quotation marks omitted).

A.      Transferability to State Court

Plaintiff's first argument is that the instant lawsuit cannot be transferred to state court because § 1404(a) only permits transfer within the federal system. (Doc. 26 at 1–2). Defendant maintains in response that *Atlantic Marine* supports the proposition that an FSC may be enforced via a *forum non conveniens* motion, and that regardless, Defendant asks the Court to "dismiss this action under the doctrine of forum non conveniens to allow [Plaintiff] to refile in the venue he contractually agreed to." (Doc. 27 at 1).

As a matter of law, the Court must decline Defendant's request to transfer this case to Texas state court. The "transfer of venue function of the *forum non conveniens* doctrine has been superseded by [§ 1404(a)]." *Harang v. Schwartz*, No. 13-0058, 2013 U.S. Dist. LEXIS 175975, at *15, 2013 WL 6623917, at *5 (E.D. La. Dec. 16, 2013) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 722 (1996)). Thus, the party relying on *forum non conveniens* as a basis for its motion is relegated to but two options. 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1352 (3d ed. 2022) ("If transfer is impossible, for instance when the selected forum is . . . state court . . . , then a *dismissal* through forum non conveniens is the appropriate method for dealing with a valid

forum-selection clause.") (emphasis added). The first option, if the party "wishes for its case to be heard in front of another federal court, then it may move to *transfer* the case there under § 1404." *Ins. Safety Consultants LLC v. Nugent*, No. 3:15-CV-2183-B, 2017 U.S. Dist. LEXIS 25924, at *12, 2017 WL 735460, at *5 (N.D. Tex. Feb. 24, 2017) (emphasis in original). A party's sole other option, where it desires an entirely distinct forum, is to "move to *dismiss* the case under the *forum non conveniens* doctrine." *Id.*, 2017 U.S. Dist. LEXIS 25924, at *12, 2017 WL 735460, at *5 (emphasis in original).

Where a party moves to *transfer* a case from federal court to state court—thereby seeking a different forum—under the doctrine of *forum non conveniens*, the motion must be denied. Here, Defendant has done just that. This case is before this federal Court, and Defendant seeks a transfer to state court in Limestone County, Texas. (Doc. 21). Such is not permitted under § 1404(a). Therefore, Defendant's Motion to Transfer shall be **DENIED** to the extent it requests a transfer to state court. (Doc. 21).

B.      FSC Analysis

Courts are admonished to utilize similar analyses for § 1404(a) and *forum non conveniens* where a forum-selection clause "point[s] to a federal forum," as well as where such clause "point[s] to a nonfederal forum." *Atl. Marine*, 571 U.S. at 61. Thus, in the abundance of caution, the Court will proceed to, from this point onwards, construe the Motion to Transfer as instead a motion to dismiss for *forum non conveniens*. *Nugent*, 2017 U.S. Dist. LEXIS 25924, 2017 WL 735460; *see also Mfrs. Alliance Ins. Co. v. B&B Transp.*, No. 1:18-CV-13-RP, 2018 U.S. Dist. LEXIS 223233, at *11, 2018 WL 7288577, at *4 (W.D. Tex. Dec. 14, 2018).

Engaging in the analysis for a motion to dismiss for *forum non conveniens* requires courts to conduct a two-step inquiry. *Impact Recovery Sys. v. Liddell Bros.*, No. SA-15-CA-722-FB, 2016 U.S. Dist. LEXIS 203597, at *19, 2016 WL 8257050, at *8 (Jan. 22, 2016) (citing *Atl. Marine*, 571 U.S. at 62–66), *report and recommendation adopted*, No. SA-15-CA-722-FB, 2016 U.S. Dist. LEXIS 203596, 2016 WL 8257098 (W.D. Tex. Apr. 6, 2016). First, courts look to whether there is an alternative,

available, and adequate forum "in which the case may be brought." *iiiTec, Ltd. v. Weatherford Tech.*

*Holdings, LLC*, No. H-18-1191, 2019 U.S. Dist. LEXIS 53961, at *30, 2019 WL 1430428, at *10 (S.D.

Tex. Mar. 29, 2019) (citing *Piper Aircraft Co.*, 454 U.S. at 254). Second, the private- and public-interest

factors are to be weighed in determining the propriety of dismissal. *Wellogix, Inc. v. SAP Am., Inc.*, 58

F. Supp. 3d 766, 780–81 (S.D. Tex. 2014) (citing *Saqui v. Pride Cent. Am. LLC*, 595 F.3d 206, 211 (5th

Cir. 2010)). As noted above, however, where there is a valid FSC, "the plaintiff's choice of forum

merits no weight," and instead the plaintiff as the party defying the FSC must "establish[] that transfer

to the forum for which the parties bargained is unwarranted." *Rivas v. Greyhound Lines, Inc.*, No. EP-

14-CV-166-DB, 2018 U.S. Dist. LEXIS 222326, at *13, 2018 WL 1896413, at *5 (W.D. Tex. Mar. 1,

2018) (citing *Atl. Marine*, 571 U.S. at 63). Courts, in turning to the second step of the *forum non*

*conveniens* inquiry, do not consider any private interest factors, as they are "deemed to 'weigh entirely

in favor of the preselected forum.'" *Sultana Entm't, LLC v. Gutierrez*, No. 4:17-CV-0702, 2018 U.S.

Dist. LEXIS 221928, at *7 (S.D. Tex. Nov. 16, 2018) (quoting *Atl. Marine*, 571 U.S. at 64). This leaves

courts to conduct a truncated analysis premised only upon the public-interest factors.

      1.     Applicable Law

     Therefore, the first part of the analysis requires the Court to determine the validity—i.e., the

enforceability—of the FSC. "[N]either the Supreme Court nor the Fifth Circuit has stated 'what source

of law governs the validity of a forum-selection clause.'" *Al Copeland Invs., LLC v. First Specialty Ins.*

*Corp.*, No. 16-16346, 2017 U.S. Dist. LEXIS 102015, at *15, 2017 WL 2831689, at *6 (E.D. La. June

29, 2017) (quoting *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 300 (5th Cir. 2016)), *aff'd*, 884 F.3d

540 (5th Cir. 2018). The Fifth Circuit has consistently refused to gild a "distinction between 'validity

and enforceability, instead seeming to treat those words as synonyms in the forum-selection clause

context.'" *Al Copeland*, 884 F.3d at 543 n.2 (quoting *Barnett*, 831 F.3d at 301). Yet, recent authority

from the Fifth Circuit as well as district courts throughout the circuit indicate a trend to interpret federal

law in deciding the clause's enforceability, but state law as to its validity. *See, e.g.*, *Oktex Util. Constr.,*

*Inc. v. Mastec N. Am., Inc.*, No. 3:21-CV-2551-B, 2022 U.S. Dist. LEXIS 45325, at *9 n.3, 2022 WL

785315, at *4 (N.D. Tex. Mar. 15, 2022) (citing *KeyCity Cap., LLC v. Davenport Invs., LLC*, No. 3:21-

CV-2046-D, 2022 U.S. Dist. LEXIS 33226, at *9 n.11, 2022 WL 571146, at *4 n.11 (N.D. Tex. Feb.

25, 2022)). These recent developments appear to have been spurred by the Fifth Circuit's unpublished

opinion in *Fintech Fund, F.L.P. v. Horne*, in which the Fifth Circuit reviewed a district court's

application of Texas state law in determining the validity of the FSC. *See* 836 F. App'x 215, 223–24

(5th Cir. 2020) (unpublished). In *Fintech Fund*, the Fifth Circuit declared the district court's application

of Texas state law to be in error, since "the parties did not, in fact, acquiesce to the application of Texas

law," which therefore should have led the lower court to "engage[] in a choice-of law analysis, which in

th[e] case dictate[d] that English, not Texas, law should apply." *Id.* at 223. Expressly, the Fifth Circuit

noted that "state law [is examined] when determining the validity of a contract in federal question

cases." *Id.*

　　　　The Court finds no reason to distinguish between the two. Specifically, it appears to be the

majority view that "[f]ederal law governs the enforceability of forum-selection clauses in the Fifth

Circuit." *JFP Servs., LLC v. Torans*, Nos. SA-17-CV-00210-FB, SA-17-CV-1031-DAE, 2018 U.S.

Dist. LEXIS 114059, at *11, 2018 WL 3326841, at *3 (W.D. Tex. Apr. 30, 2018) (citing *Barnett*, 831

F.3d at 301), *report and recommendation adopted*, No. SA-17-CA-210-FB, 2018 U.S. Dist. LEXIS

114052, 2018 WL 4343439 (W.D. Tex. July 2, 2018). Yet, if Texas law were to apply to determine the

validity and/or enforceability of the FSC, the conclusion would be the same, as discussed below. The

purported agreement includes a choice-of-law provision stating that "Texas law is the substantive law

that shall apply . . . except that claims made under federal substantive law shall be governed by federal

law." (Doc. 21-1 at 3). Plaintiff does not dispute the validity of the choice-of-law provision in his

Response. The relevant agreement's choice-of-law provision and the venue of the Texas state court

point to Texas state law as the applicable law. Furthermore, the parties have acquiesced in their

briefings that Texas state law applies in this scenario. (Docs. 21, 26, 27). The Fifth Circuit has cautioned

against explicitly adjudicating which law—federal common law of contracts or state contract law—applies in this scenario. *See Barnett*, 831 F.3d at 301–03. Therefore, in the interests of thoroughness, the Court will consider both.

      2.      Validity and Enforceability of the FSC

          i.      Scope

Courts considering enforcing an FSC consider as a preliminary matter "whether the clause applies to the type of claims asserted in the lawsuit," i.e., its scope. *Impact Recovery*, 2016 U.S. Dist. LEXIS 203597, at \*16, 2016 WL 8257050, at \*7 (quotation marks omitted). The parties in this case do not significantly dispute the scope of the FSC; the Court makes a cursory observation nonetheless. The language of the FSC is not limited in scope to certain categories of claims, as it provides that "any and all Claims for trial" are to be submitted in "a Texas state district court located in Limestone County, Texas." (Doc. 21-1 at 3). It therefore would appear that, as claims for which Plaintiff seeks a trial, Plaintiff's pending FLSA claims in this lawsuit fall within the scope of the FSC. (Doc. 1); *see Uni-Pixel Displays, Inc. v. Conductive Inkjet Tech.*, No. H-13-0202, 2013 U.S. Dist. LEXIS 61670, at \*9–10, 2013 WL 1828843, at \*3 (S.D. Tex. Apr. 30, 2013) (finding an unlimited application of venue-selection clause). The Court so holds.

          ii.      Mandatory or Permissive

The next step involves analyzing the mandatory or permissive character of the pertinent clause, as "[a] party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *City of New Orleans v. Mun. Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). Plaintiff argues that the clause, if construed as an FSC, is permissive and therefore unenforceable. (Doc. 26 at 4–7). Plaintiff claims the parties "did not intend to make 'a Texas state district court located in Limestone County, Texas' the exclusive venue for disputes." (*Id.* at 7). Defendant responds with the position that the parties instead agreed that "whatever covered issues may arise, Limestone County, Texas, is the exclusive forum for resolution." (Doc. 27 at 6). The primary issue at this juncture is

8

whether the provision assigns an *exclusive*, and therefore mandatory, forum.

A mandatory FSC "affirmatively requires [that] the litigation . . . be carried out in a given forum," and is mandatory "only if it contains clear language specifying that litigation must occur in the specified forum." *N³ Owner, LP v. Lights-Direct, Inc.*, No. 3:21-CV-01066-E, 2022 U.S. Dist. LEXIS 8335, at *7–8, 2022 WL 160292, at *2 (N.D. Tex. Jan. 18, 2022). A permissive clause, on the other hand, "authorizes jurisdiction and venue in a specified forum but does not prohibit litigation elsewhere." *Bilodeau v. Ahern Rentals, Inc.*, No. 4:21-cv-2209, 2021 U.S. Dist. LEXIS 256662, at *4, 2021 WL 8016841, at *2 (S.D. Tex. Aug. 20, 2021). In adjudicating the nature of a valid FSC, courts apply state substantive law. *Bruckner Truck Sales v. Hoist Liftruck Mfg.*, 501 F. Supp. 3d 409, 424 (N.D. Tex. 2020). Thus, Texas state law will inform the Court's decision.

The Court finds that the FSC contains language indicating an intent for it to be mandatory in application. The FSC states that the employee and Defendant "mutually agree to submit *any and all Claims* . . . in a Texas state court district court located in Limestone County, Texas." (Doc. 21-1 at 3) (emphasis added). The language is sufficiently clear that the FSC leaves open no possibility of litigation in another forum—there are no temporal exceptions or cause-of-action circumscriptions which may provide for some alternative forum. While the terms "exclusively" and "mandatory" are visibly absent from the FSC, the clause, when read as a whole, and especially with the phrase "any and all [c]laims," necessarily proscribes any alternative choice of forum. *See In re GreatAmerica Leasing Corp.*, 294 S.W.3d 912, 916–17 (Tex. App.—Corpus Christi 2009, no pet.) (mem. op.) (applying mandatory presumption to the following: "Any claim . . . will be adjudicated in a state or federal court located in Cedar Rapids, Iowa"). For example, the FSC does not indicate that the parties "should" submit the claims there, or that the "preferred" court is a Texas state district court. In that same vein, there is indeed no magic phraseology required to cast a mandatory shadow over a given FSC. *See Wolfe v. CareFirst of Md., Inc.*, No. 4:09-CV-492, 2010 U.S. Dist. LEXIS 48842, at *10, 2010 WL 1998290, at *4 (E.D. Tex. Apr. 26, 2010) (holding mandatory a clause with language that cases "will be brought and

maintained" in a forum state). Neither party has presented any evidence of an intent to allow a forum other than Texas state district court for the instant litigation, and judging by the text of the FSC itself, the Court sees no reason for discretion genesis from the ether. *See Res. Now Grp., Inc. v. O'Shea*, No. 4:17-CV-00726, 2018 U.S. Dist. LEXIS 7222, at *7–8, 2018 WL 453924, at *3 (E.D. Tex. Jan. 17, 2018) (finding permissive a clause where the agreement "consents to a jurisdiction in Texas but does not clearly refer to a choice of venue"). Therefore, the FSC is mandatory.

    iii.   Invalidity *Per Se* as a Venue Selection Clause

  Before a court enforces a mandatory FSC, it must determine whether the clause is valid and enforceable. Plaintiff first urges a challenge to the FSC's validity based upon its allegedly being a "venue selection clause," which Plaintiff claims makes it invalid *per se* under Texas state law. (Doc. 26 at 2–3). In other words, the FSC apparently does not warrant transfer because "Texas law prohibits [Defendant's] attempt to fix venue by private contract," and "venue selection clauses" purportedly are enforceable only in particular circumstances where statutorily prescribed. (*Id.* at 1, 4). Defendant contends that Plaintiff mistakes the effect of "[a]ny Texas law prohibiting venue," which instead of being wholly dispositive of the issue, is supposed to represent "only a mere factor in the § 1404(a) analysis and . . . not invalidate the agreement." (Doc. 27 at 10). Plaintiff, as the party attempting to call into question the FSC's validity, holds the burden in doing so.

  Texas state law provides that parties are unable to "contract[] away *mandatory* venue," i.e., venue keyed to a plaintiff's residency, the location of the conduct in question, or other venue assigned by state statute. *See In re Great Lakes Dredge & Dock Co., L.L.C.*, 251 S.W.3d 68, 78–79 (Tex. App.—Corpus Christi 2008) (mem. op.) (emphasis added). "'Forum pertains to the jurisdiction, generally a nation or State, where suit may be brought,'" while "[v]enue 'concerns the geographic location within the forum where the case may be tried.'" *Vak v. Net Matrix Sols., Inc.*, 442 S.W.3d 553, 560 (Tex. App.—Houston [1st Dist.] 2014) (mem. op.) (quoting *Liu v. CiCi Enters., LP*, No. 14-05-00827-CV, 2007 Tex. App. LEXIS 81, at *5, 2007 WL 43816, at *2 (Tex. App.—Houston [14th Dist.] 2007, no

pet.) (mem. op.)). A "venue selection clause" notably differs from a "forum selection clause," as the former clause designates only a specific court *within* the Texas state court forum. *See Blacklands R.R. v. Ne. Tex. Rural Rail Transp. Dist.*, No. 1:19-CV-250, 2019 U.S. Dist. LEXIS 130947, at \*11 n.2, 2019 WL 3613071, at \*4 (E.D. Tex. Aug. 5, 2019).

Even where a clause purports to provide for a specific geographic subregion within a forum, "Texas courts routinely enforce agreements selecting foreign fora as valid forum-selection clauses, regardless of whether the agreement specifies a particular venue in the chosen forum." *Risher v. Marquette Transp. Co. Gulf Inland LLC*, No. 05-21-00289-CV, 2022 Tex. App. LEXIS 3868, at \*5, 2022 WL 2062875, at \*2 (Tex. App.—Dallas June 8, 2022) (mem. op.). Thus, where a valid agreement designates a forum, the relevant clause may be enforced even though the language of the provision may also specify a venue *within* the forum. *See id.* ("That the agreement also specifies venue in the designated forum does not change the character of the agreement from a forum-selection agreement to a venue selection agreement.").

In this case, the Court holds the FSC is not an inherently invalid venue selection clause, but rather an FSC whose merits must be examined. The clause[2] itself reads in pertinent part:

> 6. The Mutual Agreement to Waiver of Jury and to Trial By the Court; Venue and Forum Selection
>
> In the event that an issue between you and BWS cannot be resolved through negotiation or mediation, you and BWS mutually agree to submit any and all Claims for trial in a Texas state district court located in Limestone County, Texas. The trial for any Claim shall be to the court, not a jury, with you and BWS mutually waiving any and all right to a trial by jury.

(Doc. 21-1 at 3). At the outset, contrary to Plaintiff's assertions, it should be observed that merely the inclusion of "Venue" in the section heading does not transform the clause from one designating forum-selection into one strictly identifying venue. *See Risher*, 2022 Tex. App. LEXIS 3868, at \*5, 2022 WL

---

2. The parties do not dispute the validity of the employment contract as a whole. (*See generally* Docs. 21-1, 26). For the purposes of this Order, the contract in which the disputed FSC provision is located will be presumed generally valid and enforceable.

2062875, at *2. The heading also characterizes the clause as being one for "Forum Selection," further boding against such a narrow construction of the clause. The FSC at its base states that claims such as those immediately before the Court must be brought in "a Texas state district court located in Limestone County, Texas." (Doc. 21-1 at 3). Thus, the FSC designates both a forum—Texas state court—*as well as* a venue—district court in Limestone County. With forum and venue apparently being such blended concepts under Texas law, it becomes difficult to parse through what would make the instant FSC one merely designating a venue. *Compare In re Rigney Constr. & Dev., LLC*, No. 12-17-00370-CV, 2018 Tex. App. LEXIS 1026, at *11, 2018 WL 719515, at *5 (Tex. App.—Tyler Feb. 6, 2018 [mand. denied]) (mem. op.) (finding provision which "refers to the county in which suit should be brought" to be venue selection clause), *with In re New Braunfels Am. Motorcycles, Ltd.*, No. 03-20-00285-CV, 2020 Tex. App. LEXIS 4248, at *1–2, 2020 WL 2989135, at *1 (Tex. App.—Austin June 2, 2020) (mem. op.) (refusing to enforce "forum-selection clause requiring the suit to be brought in Bexar County" where suit was brought in Comal County); *see also In re Great Lakes Dredge & Dock Co. L.L.C.*, 251 S.W.3d 68, 73 (Tex. App.—Corpus Christi 2008, no pet.) (mem. op.) (observing that "Texas case law has muddled the distinction between [forum and venue]"). The Court errs on the side of caution and construes the clause as an FSC under Texas law,[3] albeit with a particular venue identified therein.[4]

    iv.    Validity on the Merits

---

3. Venue selection clauses are "treated similarly to forum selection clauses." *TruGreen Landcare, L.L.C. v. Telfair Cmty. Ass'n, Inc.*, No. H-12-514, 2013 U.S. Dist. LEXIS 68748, at *4, 2013 WL 2147471, at *2 (S.D. Tex. May 14, 2013) (citing *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008)). Therefore, even if the FSC could be construed as a venue selection clause under Texas state law, an examination of the FSC purely under federal law would nevertheless lead the Court to continue its analysis.

4. Plaintiff cites *In re Great Lakes Dredge & Dock Company, L.L.C.*, for the proposition that "[v]enue selection clauses are enforceable only 'in very limited circumstances' expressly permitted by statute." (Doc. 26 at 4). Aside from the fact that the Court concludes the FSC is not a venue selection clause but instead a forum selection clause, this is not necessarily so. *Great Lakes* concerned "mandatory" venue statutes wherein the state statute pursuant to which a plaintiff would bring his lawsuit would *itself* designate the venue. *See generally Great Lakes*, 251 S.W.3d 68, 78 (Tex. App.—Corpus Christi 2008) (mem. op.). The examples enumerated in that case and cited by Plaintiff in his Response refer to specific mandatory venue assigned by various Texas statutes. *See id.* at 78–79; (*see also* Doc. 26 at 4). At the forefront of Plaintiff's claims here is the FLSA, a federal statute with no discernible express provision for venue. 29 U.S.C. §§ 201, *et seq.* Thus, with no mandatory venue requirement, Plaintiff's arguments based upon *Great Lakes* and its progeny fail.

Notwithstanding the Court's finding that the clause is indeed an FSC under Texas law, the Court turns to the issue of its validity under both federal and Texas state law. In Texas, FSCs are "prima facie valid and will be enforced unless the opponent makes a strong showing that the . . . clause should be set aside." *In re Kübler*, No. 05-16-01443-CV, 2017 Tex. App. LEXIS 7410, at *7, 2017 WL 3326937, at *3 (Tex. App.—Dallas Aug. 4, 2017 [mand. denied]) (mem. op.) (citing *In re AIU Ins. Co.*, 148 S.W.3d 109, 113–14 (Tex. 2004)). Under federal law, FSCs are also "presumptively valid and enforceable." *JFP Servs.*, 2018 U.S. Dist. LEXIS 114059, at *11, 2018 WL 3326841, at *3 (citing *Barnett*, 831 F.3d at 301). This presumption can be overcome by a showing that a given clause is "unreasonable under the circumstances." *Monocoque Diversified Interests v. USA Jet Airlines*, No. A-21-CV-00956-RP, 2022 U.S. Dist. LEXIS 17607, at *9, 2022 WL 292797, at *3 (W.D. Tex. Feb. 1, 2022) (citing *Weber v. PACT XPP Techs., AG*, 811 F.3d 768, 773 (5th Cir. 2016)), *report and recommendation adopted*, No. 1:21-CV-956-RP, 2022 U.S. Dist. LEXIS 126297, 2022 WL 2763152 (W.D. Tex. Mar. 2, 2022). A party makes this showing under federal law where it proves:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Barnett*, 831 F.3d at 301 (citing *Haynsworth v. Corp. of Lloyd's*, 121 F.3d 956, 963 (5th Cir. 1997)). Texas state law follows a similar multifactorial framework for a party seeking to overcome the presumptive validity of an FSC. *See Young v. Valt.X Holdings, Inc.*, 336 S.W.3d 258, 262 (Tex. App.—Austin 2010) (mem. op.) (pet. dism'd) (citing *In re Lyon Fin. Servs.*, 257 S.W.3d 228, 231–32 (Tex. 2008)).

Here, Plaintiff does not argue that the FSC was "the product of fraud or overreaching" or that its enforcement would be unfair, would significantly deprive him of a remedy, or would contravene any strong Texan public policy. Plaintiff accordingly has not rebuffed the presumption that the FSC is valid. *See Conceptual Mindworks, Inc. v. Nuesoft Techs., Inc.*, No. SA-13-CA-829, 2013 U.S. Dist. LEXIS

198183, at *4–5, 2013 WL 12182056, at *2 (W.D. Tex. Oct. 23, 2013). Therefore, the FSC is presumptively valid under both federal and Texas state law.

> v.      Enforceability

Having found the FSC to be mandatory and valid, the Court turns to the last segment considered prior to engaging in the *forum non conveniens* analysis, that of its enforceability. Plaintiff's arguments as to enforceability echo those made against the FSC's validity, wherein Plaintiff relies primarily upon the premise that the FSC is a venue selection clause. (Doc. 26).

Because the FSC is mandatory in nature, the "strong presumption in favor of the enforcement of mandatory forum selection clauses" applies. *Polaris Eng'g, Inc. v. Tex. Int'l Terminals, Ltd.*, No. H-20-3389, 2021 U.S. Dist. LEXIS 217156, at *17, 2021 WL 5155691, at *6 (S.D. Tex. Apr. 16, 2021) (alteration omitted). In determining whether a valid FSC is enforceable, as noted above, federal courts in the Fifth Circuit apply the four-part *Barnett* framework oftentimes used in the validity context. *See Id.*, 2021 U.S. Dist. LEXIS 217156, at *16–17, 2021 WL 5155691, at *5–6.

As discussed above, Plaintiff has not shown or argued that any of the *Barnett* indicators of unreasonableness were present in the agreement or in the present lawsuit. Therefore, Plaintiff has not overcome the strong presumption in favor of enforcing the mandatory FSC, and the Court finds the FSC to be valid, enforceable, and mandatory. With both federal law and Texas state law in affirmative congruence as to the validity and enforceability of the FSC, its enforcement now hinges on the merits under § 1404 and the doctrine of *forum non conveniens*. The Court turns to the *Atlantic Marine* analysis.

> 3.      Availability and Adequacy of Alternative Forum

Because the Court concludes that the FSC is valid and enforceable, the two-part *forum non conveniens* analysis under *Atlantic Marine* proceeds. *See Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 780–81 (S.D. Tex. 2014). Regarding the first prong—whether there is an available, adequate alternative forum—an alternative forum is available "when the entire case and all parties can come within the jurisdiction of that forum." *City of New Orleans Employees' Ret. Sys. v. Hayward*, 508 F.

14

App'x 293, 296 (5th Cir. 2013) (unpublished) (citing *Saqui v. Pride Cent. Am. LLC*, 595 F.3d 206, 211 (5th Cir. 2010)). "A defendant's submission to the jurisdiction of a[nother] forum sufficiently satisfies the availability requirement." *Id.* Ordinarily, the availability requirement can also be satisfied "when the defendant is 'amenable to process' in the other jurisdiction." *In re BP S'holder Derivative Litig.*, No. 4:10-cv-3447, 2011 U.S. Dist. LEXIS 104817, at *21, 2011 WL 4345209, at *5 (S.D. Tex. Sept. 1, 2011), *aff'd sub nom. City of New Orleans Employees' Ret. Sys.*, 508 F. App'x 293 (quoting *Piper Aircraft*, 454 U.S. at 255 n.22).

In this case, Defendant's motion and Reply request not only transfer of this action to state district court in Limestone County, Texas, but alternatively dismissal without prejudice to Plaintiff's refiling in the same. (Docs. 21, 27). Plaintiff's Response does not provide any reason why this action could not be brought in state district court in Limestone County, Texas, or why Defendant could not be served process in that forum. (Doc. 26). Defendant's assertions in its pleadings and briefs indicates submission and amenability to Limestone County district court. Furthermore, Defendant's unchallenged position that it "maintains its office and documents in Limestone County" supports the conclusion that Defendant has submitted to state court jurisdiction in Limestone County, Texas. (Doc. 21 at 6). Lastly, it appears to the Court that Plaintiff would generally be able to bring the instant FLSA lawsuit in Texas state court.[5] Thus, the Court holds the availability requirement to be satisfied.

An alternative state forum is adequate "when the parties will not be deprived of all remedies or treated unfairly." *Eaton Corp. v. Westport Ins. Corp.*, No. 15-C-1157, 2016 U.S. Dist. LEXIS 73291, at *5–6, 2016 WL 3167095, at *2 (E.D. Wis. June 6, 2016); *see also Bund Zur Unterstutzung Radargeschadigter E.V. v. Raytheon Co.*, No. EP-04-CV-127-PRM, 2006 U.S. Dist. LEXIS 97644, at *12, 2006 WL 3197645, at *3 (W.D. Tex. Aug. 30, 2006). Neither party in this case has addressed explicitly the adequacy of Texas state court as an alternative forum. However, "a party moving to

---

5. The Court makes no finding as to whether Limestone County specifically would be the appropriate *venue* for this lawsuit. Specifically, the Court only holds that Texas state district court, with no particular venue in mind, would theoretically be an appropriate forum for Plaintiff's FLSA claims as presented here.

dismiss for *forum non conveniens* 'may rely on a presumption that the [alternative] forum is adequate.'"

*Wellogix, Inc. v. SAP Am., Inc.*, 58 F. Supp. 3d 766, 781 (S.D. Tex. 2014) (quoting *Indusoft, Inc. v.*

*Taccolini*, 560 F. App'x 245, 249 (5th Cir. 2014)). Only in rare circumstances will the remedy provided

by the alternative forum be "so clearly inadequate or unsatisfactory[] that it is no remedy at all," proving

the inadequacy of the forum. *See Foster Poultry Farms, Inc. v. LaClaire*, No. CV-19-04630-PHX-JJT,

2020 U.S. Dist. LEXIS 42919, at *3, 2020 WL 1188189, at *1 (D. Ariz. Mar. 12, 2020) (citing *Lueck v.*

*Sundstrand Corp.*, 236 F.3d 1137, 1143 (9th Cir. 2001)).

   Here, the Court finds that Texas state court in Limestone County is adequate as an alternative

forum. While the federal claim asserted here is the federal FLSA, Texas state courts routinely consider

FLSA claims. *See, e.g.*, *Wagoner v. Rainbow Grp., Ltd.*, No. 03-03-00478-CV, 2004 Tex. App. LEXIS

6821, at *3–4, 2004 WL 1685831, at *2–3 (Tex. App.—Austin July 29, 2004) (mem. op.); *Neuhoff*

*Bros. v. Acosta*, 319 S.W.2d 416 (Tex. Civ. App.—Dallas 1958), *aff'd*, 160 Tex. 124 (Tex. 1959);

*Pierce v. Reynolds*, 329 S.W.2d 76 (Tex. 1959); *Wells v. Tex. A&M Univ. Sys.*, No. 06-04-00001-CV,

2004 Tex. App. LEXIS 8512, 2004 WL 2114438 (Tex. App.—Texarkana July 12, 2004) (mem. op.);

*Offutt v. Sw. Bell Internet Servs.*, 130 S.W.3d 507 (Tex. App.—Dallas 2004) (mem. op.). Plaintiff's

pleadings are devoid of any allegations indicating that Limestone County state court is inadequate, that

he will lack a remedy there, or be subject to unfair treatment such as bias or prejudice in that forum.

Additionally, Plaintiff has not demonstrated that state court in Texas is "not presently available to one

of the parties." *See Leal v. Singh*, No. 4:17-CV-049-DC-DF, 2018 U.S. Dist. LEXIS 237665, at *7,

2018 WL 5733186, at *2 (W.D. Tex. July 26, 2018) (Fannin, J.) (citing *Abdullahi v. Pfizer, Inc.*, 562

F.3d 163, 189 (2d Cir. 2009)), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 237666,

2018 WL 5733153 (W.D. Tex. Aug. 14, 2018). The Court detects no reason to believe Texas state

district court would be inadequate or afford Plaintiff clearly unsatisfactory relief. *See Lionheart Dev.,*

*LLC v. Apex Bldg. Sys., LLC*, No. 08-4070, 2009 U.S. Dist. LEXIS 129562, at *15–16, 2009 WL

35348, at *5–6 (E.D. La. Jan. 5, 2009) (finding defendants to have met their burden for Pennsylvania

state court). Accordingly, Defendant is afforded the benefit of the presumption, and Texas state district court is undisputedly adequate.

    4.        Interest-Balancing

The issues of validity and enforceability have been resolved in the affirmative. However, the question of whether a clause is enforceable is markedly different from the question of whether it *should be* enforced. To answer the latter, the Court turns only to the public interest factors, as where there is a valid and enforceable FSC, the private interest factors are not to be considered. *See Mendoza v. Microsoft, Inc.*, 1 F. Supp. 3d 533, 550 (W.D. Tex. 2014). Regardless, the "public interest factors 'will rarely defeat' the forum-selection clause." *Blue Racer Midstream, LLC v. Kelchner, Inc.*, No. 3:16-CV-3296-K, 2018 U.S. Dist. LEXIS 27911, at *3, 2018 WL 993781, at *1 (N.D. Tex. Feb. 21, 2018) (quoting *In re Volkswagen II*, 545 F.3d at 315).

    i.        Administrative Difficulties

The first public interest factor concerns court congestion, and the administrative difficulties flowing from them. *LSREF2 Baron, LLC v. Aguilar*, No. 3:12-cv-1242-M, 2013 U.S. Dist. LEXIS 8657, at *25, 2013 WL 230381, at *8 (N.D. Tex. Jan. 18, 2013). Defendant "only surmise[s] that the Court has a heavy docket of criminal cases." (Doc. 21 at 8). Plaintiff counters that because Defendant "failed to provide any statistics for this Court to evaluate the speed of trial," the factor should weigh against transfer or at least be neutral since Defendant did not meets its burden. (Doc. 26 at 11).

The Court is not convinced by Defendant's arguments. While this Court certainly has a demanding docket, this fact alone does not connect the syllogism that Limestone County state court is any busier. Not only has Defendant not provided any evidence supporting the conclusion that Limestone County's state court docket would be more encumbered by this case than this Court, but Defendant admits it lacks "the benefit of knowledge about this Court's and the Limestone County courts' dockets." (Doc. 21 at 8). With the Court's own perspicacity that state courts can face the same challenges with congestion as federal courts, the Court cannot find this factor to support dismissal. *Accord Solio Sec.,*

*Inc. v. Cummings Eng'g Consultants, Inc.*, No. A-12-CA-722-SS, 2012 U.S. Dist. LEXIS 200505, at
*18, 2012 WL 13027556, at *6–7 (W.D. Tex. Oct. 1, 2012); *see also Just Indus. Servs. LLC v. CEDA
Specialty Servs. LP*, No. H-18-1255, 2019 U.S. Dist. LEXIS 234643, at *13, 2019 WL 11254355, at *5
(S.D. Tex. Feb. 8, 2019) (finding factor neutral where no evidence was shown of difficulties from court
congestion and no statement that transferee court was "free of administrative difficulties"). Accordingly,
the Court finds the first factor to be neutral.

       ii.     Local Interest

      The next public interest factor is "the local interest in having localized interests decided at
home," which considers the "connection of the chosen venue's locality to the events giving rise to the
suit." *In re Volkswagen II*, 545 F.3d at 315; *see also NuCurrent, Inc. v. Samsung Elecs. Co.*, No. 6:18-
CV-51-JRG-KNM, 2018 U.S. Dist. LEXIS 223187, at *31, 2018 WL 7821099, at *11 (E.D. Tex. Dec.
26, 2018). Defendant correctly observes that the "Court pulls a jury pool from a significantly larger area
than that of Limestone County," which purportedly will bring some jurors from outside Limestone
County should this case remain in this Court. (Doc. 21 at 8). Plaintiff argues that since he seeks to
recover overtime pay in the instant action for work occurring in "this [Court's] District and Division,"
the local interest lies with those residents of this District and Division "in ensuring its workers are paid
in compliance with [the] FLSA." (Doc. 26 at 11) (citation omitted).

      The Court finds no clear advantage to having this suit litigated in Limestone County state court.
While perhaps Limestone County jurors would be more interested in a state law lawsuit brought in
Limestone County, the events as alleged in this case relate to employment which purportedly took place
in the Pecos Division. (Doc. 1). This Court also has a notable interest in evaluating the federal FLSA on
which this case hinges; Limestone County state district court, not so much. Defendant has not presented
any particular reason why the people or state courts of Limestone County would have a special interest
in applying facts to a federal statute for employment in a location a dozen counties away. Accordingly,
the Court finds the second factor to be neutral.

iii.     Familiarity with Applicable Law

The third public interest factor courts consider is the familiarity of the forum court with the applicable law. Defendant concedes this factor favors denying a transfer, since "[t]he claim in this case arises under federal law and federal courts are generally better suited to adjudicate federal claims." (Doc. 21 at 8). Plaintiff agrees.

This factor weighs against transfer as well. This Court, being a federal court, would surely be better adjusted to adjudicate Plaintiff's federal FSLA claims than a state court in Texas. In any event, the Court is confident that it could apply FLSA claims competently and adequately. *See Morgan-Rinehart v. Van De Perre*, No. A-16-CA-01327-SS, 2017 U.S. Dist. LEXIS 56392, at *31, 2017 WL 1383933, at *11 (W.D. Tex. Apr. 12, 2017). Both parties agree the third public interest factor weighs against transfer on this ground, and the Court detects no reason to find otherwise. Accordingly, the Court finds the third factor weighs against transfer.

iv.     Conflict of Laws/Application of Foreign Law

The final public interest factor concerns unnecessary problems presented by a conflict of laws or in applying foreign law. Defendant maintains this element's neutrality and posits that Limestone County can "aptly tailor discovery and apply the FLSA to the facts," and that there are no conflict of law concerns. (Doc. 21 at 8). Plaintiff does not contest the neutrality of this factor.

With this element as well, the Court agrees with the parties. *See Harland Clarke Holdings Corp. v. Milken*, 997 F. Supp. 2d 561, 589 (W.D. Tex. 2014). There are no evident conflict of laws or foreign law issues here, as the FLSA is a federal statute and both parties agree it should apply. Accordingly, the Court finds this factor is neutral.

Three of the public interest factors are neutral, and one factor weighs against transfer. The Court is of the opinion that transfer, even if possible, is not warranted. Plaintiff has met his burden of demonstrating that transfer or dismissal without prejudice to refiling of this suit in Texas state court in Limestone County is unwarranted. Accordingly, Defendant's Motion to Transfer shall be **DENIED**.

(Doc. 21).[6]

IV.   CONCLUSION

Based on the foregoing, the Court **DENIES** Defendant's Motion to Transfer. (Doc. 21).

It is so **ORDERED**.

SIGNED this 16th day of August, 2022.

DAVID B. FANNIN
UNITED STATES MAGISTRATE JUDGE

---

6. Thus, on balance, the Court holds that the public interest factors weigh against litigation of this lawsuit in Limestone County, Texas. In any event, even though the Court has found above there is a valid, applicable, and mandatory forum-selection clause, the alternative forum is available and adequate, and Plaintiff's claims fall within its scope, the Court also believes dismissal is not required. *See HNA LH OD, LLC v. Local House Int'l, Inc.*, No. 21-cv-21022-BLOOM, 2021 U.S. Dist. LEXIS 186465, at *27, 2021 WL 4459404, at *9 (S.D. Fla. Sept. 29, 2021). Defendant presents a request for dismissal based on *forum non conveniens* in its Reply. (Doc. 27 at 11). The Federal Rules of Civil Procedure contemplate that any requests for relief appear in a pleading, not a responsive brief. Fed. R. Civ. Proc. 8(a). Thus, the Court is unable to grant relief only requested in a reply, and not the motion itself. *See Malam v. Adducci*, 459 F. Supp. 3d 867, 889–90 (E.D. Mich. 2020) ("The Court is unaware of legal authority that would allow it, in this instance, to grant relief unrelated to the merits of Plaintiffs' claims and not requested in a pleading or motion."); *see also United States v. US Stem Cell Clinic, LLC*, 987 F.3d 1021, 1025 (11th Cir. 2021) ("The district court cannot be faulted for failing to grant relief not requested."); *accord Lowe v. L & S Lending, LLC*, No. SA-09-CA-1034-H, 2010 U.S. Dist. LEXIS 154555, at *5 n.1, 2010 WL 11601163, at *2 (W.D. Tex. Sept. 22, 2010). Defendant's dismissal request, presented only in a reply brief to a response, is improperly pleaded. Accordingly, the Court will not consider dismissal without prejudice to refiling in the appropriate state forum pursuant to the FSC.